**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD ERIC WILLIAMS,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **CRIMINAL NO. 08-00345-WS-B** |
| **vs.** | : | |
| | : | **CIVIL ACTION NO. 11-00318-WS** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Richard Eric Williams'
Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C.
§ 2255 (Doc. 49), and the Government's response in opposition thereto
(Doc. 53). This action was referred to the Undersigned Magistrate
Judge for report and recommendation pursuant to 28 U.S.C.
§ 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255
Cases and is now ready for consideration.[1] Because the record is
adequate to dispose of this matter, no evidentiary hearing is
required. Having carefully reviewed the record, it is recommended
that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence

---

[1] The Honorable United States District Judge William H. Steele
presided over the trial and sentencing proceedings in this action.
On June 13, 2011, Judge Steele referred the matter to the Undersigned
Magistrate Judge for entry of a Report and Recommendation. The
Undersigned has reviewed the Petitioner's motion and related
documents, the transcripts of the trial proceedings, and all other
relevant documents in the Court's file and has fully familiarized
herself with the proceedings before Judge Steele.  Based upon that
review, the Undersigned makes the following report and
recommendation.

under 28 U.S.C. § 2255 (Doc. 49) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Richard Eric Williams.

## I. BACKGROUND

On October 30, 2008, Williams was charged in a one-count indictment for violating 21 U.S.C. § 841(a)(1), possession with intent to distribute MDMA (Ecstasy). (Doc. 1 at 1). On or about November 12, 2008, Williams retained attorney Willie Huntley. (Doc. 6). On December 2, 2008, the Court granted Huntley's motion to withdraw and appointed attorney Andrew Jones as counsel for Williams. (Doc. 15).

Following a jury trial on January 7 and 8, 2009, Williams was found guilty of the offense of possession with intent to distribute MDMA in violation of 21 U.S.C. § 841(a)(1) as charged in the indictment. (Doc. 25 at 1). At Williams' sentencing hearing conducted on April 2, 2009, Judge Steele sentenced Petitioner to eighty-seven months in prison. The Court also imposed 3 years of supervised release and a special assessment of $100. (Doc. 33, Doc. 41 at 2).

On April 2, 2009, Williams' counsel, Andrew Jones, filed a notice of appeal on his behalf. (Doc. 32). On January 29, 2010, the Eleventh Circuit Court of Appeals affirmed Williams' conviction and sentence, and found no merit to Williams' claim that the evidence

was insufficient to support his conviction. (Doc. 47). Williams filed a petition for a writ of certiorari with the United States Supreme Court, and that petition was denied on June 7, 2010.  See Williams v. United States, __ U.S. __, 130 S. Ct. 3402, 177 L. Ed. 2d 314 (2010).

On June 13, 2011, Williams filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. He raises the following three claims: (1) ineffective assistance of trial counsel for failing to move to quash the indictment based on exculpatory evidence showing that Williams did not knowingly possess the drugs found in the vehicle and based on the overall insufficiency of the evidence to support the indictment; (2) ineffective assistance of trial counsel for failing to object to the admission of a photograph of items found in the console of the vehicle; and (3) ineffective assistance of trial counsel for failing to obtain an independent fingerprint analysis on the packaging around the drugs. (Doc. 49 at 4-7). On August 23, 2011, the Government filed a response in opposition to the Motion to Vacate and argues that Petitioner's claims are without merit. (Doc. 53). Petitioner's motion and the Government's response are now before the Court.

**II. DISCUSSION**

The Sixth Amendment guarantees a criminal defendant the right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish

3

ineffective assistance of counsel, a defendant first must show that his counsel's representation "fell below an objective standard of reasonableness," that is, that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88. Second, a defendant must show that the deficient performance prejudiced his defense, *i.e.*, that counsel's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

The inquiry into the first element, whether a lawyer has provided effective assistance, is an objective one: "a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." Van Poyck v. Fla. Dep't of Corrs., 290 F.3d 1318, 1322 (11th Cir. 2002). "A strong presumption exists that the challenged action constitutes sound trial strategy." Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996).

To establish the second element, prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Mills v. Singletary, 63 F.3d 999, 1020 (11th Cir. 1995) (citing Strickland, 466 U.S. at 694). "Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant

4

cannot meet the prejudice prong, see id., or vice versa." Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Van Poyck, 290 F.3d at 1322 (citations omitted). The court's role in reviewing an ineffective assistance claim "is not to 'grade' a lawyer's performance." Id. Instead, it is to determine "only whether a lawyer's performance was within 'the wide range of professionally competent assistance.'" Id. (citations omitted).

The Supreme Court in Strickland explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134, 102 S. Ct. 1558, 1574-1575, 71 L. Ed. 2d 783 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See Michel v.

> Louisiana, 350 U.S. 91, 101, 76 S. Ct. 83, 164
> (1955). There are countless ways to provide
> effective assistance in any given case.  Even
> the best criminal defense attorneys would not
> defend a particular client in the same way.

Strickland, 466 U.S. at 689.  With these principles in mind, the

Court now considers Williams' ineffective assistance of counsel

claims.

A. Claim One: Ineffective Assistance of Counsel in Failing to Move

   to Quash the Indictment.

Williams argues in his Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255 that his trial counsel was

ineffective for failing to move to quash the indictment on the ground

that "the passenger of the vehicle, Sharvest Dumas, admitted prior

to trial to owning the MDMA found in the vehicle, placing them in

the console without [Petitioner's] knowledge and was willing to

testify that [Petitioner] had no knowledge of the drugs before the

traffic stop." (Doc. 49 at 4).  Williams argues that counsel was

ineffective for failing to move to quash the indictment on the basis

of Dumas' testimony, which, Williams argues, showed that he did not

knowingly possess the drugs in the vehicle. Williams' claim is

without merit.

Contrary to Williams' claim, an indictment may not be attacked

merely because the Government failed to present exculpatory evidence

to the grand jury. See United States v. Williams, 504 U.S. 36, 53-54

(1992) ("Review of facially valid indictments on such grounds [as inadequate or incompetent evidence before the grand jury or the prosecutor's failure to present exculpatory evidence] 'would run counter to the whole history of the grand jury institution[,] [and] [n]either justice nor the concept of a fair trial requires [it].'") (citations omitted); United States v. Hawkins, 765 F.2d 1482, 1488 (11th Cir. 1985) ("The government is not obligated to present exculpatory evidence to a grand jury.") (citations omitted).

Furthermore, indictments may not be attacked merely upon the basis that "they are not supported by adequate or competent evidence." Costello v. United States, 350 U.S. 359, 363-64 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."); United States v. Georgalis, 631 F.2d 1199, 1206 (5th Cir. 1980)[2] (motion to quash indictment may not be granted "merely upon the basis that there was insufficient or incompetent evidence presented to the grand jury.").

In this case, Williams does not challenge the validity of the indictment on any grounds other than the insufficiency of the evidence to show that he knowingly possessed the drugs in the vehicle

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

and the existence of exculpatory evidence that he lacked such knowledge. Neither of those grounds may be used to assail an otherwise valid indictment, and counsel is not required to make a meritless objection in order to avoid a charge of ineffective representation. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) ("appellate counsel was not ineffective for failing to raise a nonmeritorious issue."); see also Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Therefore, Williams' counsel did not render ineffective assistance by failing to move to quash the indictment on these grounds. Accordingly, Williams' habeas Claim One is due to be denied.

B. Claim Two: Ineffective Assistance of Trial Counsel for Failing to Object to Photograph.

Williams next argues in his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 that his trial counsel was ineffective for failing to object to the admission of a photograph of a watch and a cellphone found in the console of the vehicle, which items were represented to the jury as belonging to Williams, but which Williams contends actually belonged to the passenger of the vehicle. (Doc. 49 at 5). Williams argues that this misleading evidence was the "only proof" of his knowledge of the drugs in the vehicle, stating: "[t]he only connection of Williams to the drugs is the

evidence provided the jury that Williams['] watch and phone were found in the center console where the MDMA was also found." (Doc. 50 at 5-6). Williams continues, "[i]t follows logic that if Williams['] watch and phone (items used frequently) were found with the drugs, he must have put them there and therefore had to have knowledge of the drugs and therefore constructive possession." (Id.). Williams argues that, without this photograph, the evidence was insufficient to show that he knowingly possessed the drugs and, thus, was insufficient to sustain his conviction. Williams' argument is without merit.

In his direct appeal of this case, Williams likewise argued that the evidence was insufficient to sustain his conviction, and the Eleventh Circuit disagreed, and stated as follows:

> To support a conviction under 21 U.S.C. § 841(a)(1) for possession of drugs with intent to distribute, the government must prove: (1) knowledge of possession; (2) possession of a controlled substance; and (3) intent to distribute. United States v. Woodard, 521 F.3d 1352, 1360 (11th Cir. 2008). "These elements may be proven by circumstantial evidence." Id. A defendant's mere presence in a vehicle where drugs are hidden is not enough to establish his knowledge. See United States v. Stanley, 24 F.3d 1314, 1319-20 (11th Cir. 1994). A defendant's presence in the vehicle along with other surrounding circumstances evidencing a consciousness of guilt, however, is enough to support an inference of knowledge.

(Doc. 47 at 5-6).

The appellate court then recited the evidence supporting

9

Williams' conviction as including: (1) Williams was driving the vehicle in which the drugs were found; (2) Williams told the officer that he had borrowed the car from his cousin; (3) Williams told the officer that he had maintained exclusive possession of the vehicle for two weeks; (4) Williams and his passenger told the police officer conflicting stories about their trip, including inconsistencies about when they had embarked on their journey, who they had seen, and what they had been doing; (5) the officer saw no luggage in the vehicle; (6) Williams' demeanor changed when the officer questioned him about the smell of marijuana coming from the vehicle, and he became more nervous, started sweating and twitching, and was unable to stand still; (7) the officer found approximately $1,300 in Williams' back pocket; (8) the officer found marijuana residue in a cup holder in the vehicle and a bag of marijuana inside of a cup; (9) the officer found a package wrapped in duct tape and fabric softeners in the center console; and (10) the package contained bags of marijuana and 1,448 Ecstasy pills. (Doc. 47 at 3-6).

Under the "law of the case" doctrine, both the district court and the appellate court are "bound by findings of fact and conclusions of law" that were "made in a prior appeal of the same case unless one of the following exceptions applies: (1) new evidence is presented, (2) there has been an intervening change in controlling law, or (3) the prior appellate decision is clearly erroneous and

would result in manifest injustice if implemented." United States v. Lynn, 385 Fed. Appx. 962, 965-66 (11th Cir. 2010) (unpublished)[3]; accord United States v. Howard, 372 Fed. Appx. 978, 979 (11th Cir. 2010) (unpublished). "The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal." Thomas v. United States, 572 F.3d 1300, 1303 (11th Cir. 2009) (citations omitted).

In this case, the facts related to Williams' knowledge of the drugs and the Court's conclusion related to the sufficiency of the evidence to support Williams' conviction have been established by the appellate court and will not be revisited by this Court on habeas. See United States v. Hinton, 2010 WL 5071050, *6 (S.D. Ala. 2010) ("Consequently, any claim by [Petitioner] regarding the sufficiency of the evidence is barred from reconsideration, even if couched as a claim of ineffective assistance of counsel."). Thus, to the extent that Williams attempts to argue, via an ineffective assistance of counsel claim, that the evidence related to his knowledge of the drugs was insufficient to support his conviction, that argument is foreclosed by the law of the case doctrine.

Furthermore, even if not precluded by this doctrine, Williams' ineffective assistance of counsel claim fails for lack of evidence

---

[3] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC, 253 Fed. Appx. 861, 865 n.5 (11th Cir. 2007) (unpublished).

that Petitioner was prejudiced by counsel's alleged deficiency. Assuming that the photograph had not been admitted into evidence, there was ample evidence, apart from the photograph, that Williams had knowledge of the drugs in the vehicle, as recited by the appellate court in its memorandum opinion. Thus, because Williams has failed to show that the outcome of his trial would have been different if counsel had objected to the photograph, he has not suffered any prejudice as a result of counsel's alleged deficiency and for this reason as well, his habeas Claim Two is due to be denied.

C. Claim Three: Ineffective Assistance of Trial Counsel for Failing to Obtain Independent Fingerprint Analysis.

Williams next argues in his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 that his trial counsel was ineffective for failing to obtain an independent fingerprint analysis on the packaging around the drugs. (Doc. 49 at 7). According to Williams, if his counsel had secured additional fingerprint testing, "there would be none of his fingerprints on the packaging" and "the jury would have been left without enough evidence to convict [him]." (Id.; Doc. 50 at 6). Williams' argument is without merit.

The record shows that portions of the packaging material wrapped around the drugs that were found in Williams' vehicle were taken to the Mobile Police Department's crime lab where attempts were made to recover fingerprints. (Doc. 41 at 67-68). However, only one

12

partial fingerprint was recoverable on the adhesive side of a piece of duct tape that had been wrapped around the packaging. (Id. at 122-23, 127, 133-37).

Assuming, as Williams argues, that the Government's fingerprint analysis was somehow incomplete or inconclusive, his claim that his counsel was deficient for failing to obtain an additional analysis still fails. As discussed above, "[a] strong presumption exists that the challenged action constitutes sound trial strategy." Chateloin, 89 F.3d at 752. In the present case, if counsel had secured additional fingerprint testing on the packaging around the drugs, and that testing had revealed the presence of Williams' fingerprints, the result would have been devastating to his defense. If, on the other hand, additional testing had been conducted and had revealed the absence of Williams' fingerprints on the packaging, the Government simply could have argued that Williams was wearing gloves when he handled the package, or that, even if he had not personally handled the drugs, he still knew that they were in his vehicle based on the other evidence recited above. Thus, for sound strategic reasons, counsel was not deficient for failing to obtain further testing. Moreover, because even a favorable fingerprint test result would not have shown that Williams was unaware of the presence of drugs in the console of his vehicle, he was not prejudiced by his counsel's alleged shortcomings. Accordingly, Williams' Claim Three

13

is due to be denied.[4]

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas

---

[4]  Having found that each of Williams' claims lacks merit, his argument that the cumulative effect of the errors justifies relief is likewise unavailing.

petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

None of Williams' claims would warrant the issuance of a Certificate of Appealability in this case. For the reasons discussed above with respect to Claims One, Two, and Three, reasonable jurists could not debate whether any of these ineffective assistance of counsel claims should be resolved in a different manner or were adequate to deserve encouragement to proceed further on the merits. The recommendation that these claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented. It is thus recommended that the Court

15

deny any request for a Certificate of Appealability.

**IV. CONCLUSION**

For the foregoing reasons, it is recommended that Williams' § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 49) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Richard Eric Williams. In addition, the Undersigned Magistrate Judge is of the opinion that Williams is not entitled to issuance of a Certificate of Appealability. Furthermore, having found Williams' § 2255 petition to be without merit, his pending motion to appoint counsel is due to be denied as moot. (Doc. 54). It is so recommended.

The instructions which follow the Undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **2nd** day of **April, 2012.**

                              **/s/ SONJA F. BIVINS**
                    **UNITED STATES MAGISTRATE JUDGE**

16

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[5]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

2.   Transcript (applicable Where Proceedings Tape Recorded).
Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate
Judge finds that the tapes and original records in this case are
adequate for purposes of review.   Any party planning to object to
this recommendation, but unable to pay the fee for a transcript, is
advised that a judicial determination that transcription is
necessary is required before the United States will pay the cost of
the transcript.